IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Curry, | ) C/A No. 2:11-01687-HFF-PJG |
|           Plaintiff, | ) |
| v. | ) |
| Judge Roger Young;<br>Judge Hughston;<br>Judge Jefferson;<br>Public Defender Cantrell Frayer;<br>Probation Agent Weeks;<br>Charleston County Probation and Parole Department, | ) **REPORT AND**<br>) **RECOMMENDATION** |
|           Defendants. | ) |

The plaintiff, Jerome Curry ("Plaintiff"), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pretrial detainee at the Charleston County Detention Center ("CCDC") in Charleston County, South Carolina, and files this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff was arrested on January 31, 2011, for the offense of indecent exposure. (Compl., ECF No. 1 at 3.) Plaintiff was on probation at the time of arrest; thus, a probation violation hold was issued by Defendant Probation Agent Weeks. (Id.) On February 1, 2011, Plaintiff's bond was set in the amount of one hundred thousand dollars ($100,000).

(Id.) Plaintiff complains that the bail amount is excessive and that, even if he could post bond, the probation violation "hold" would prevent release. (Id.)

On February 22, 2011, Plaintiff "went before Judge Hughston at General Sessions Court in Charleston County for [his] probation violation hearing and was given a continuance." (Id.) Plaintiff alleges that he was not allowed the right to speak or present witnesses at the hearing. (Id.) Plaintiff further claims that Agent Weeks committed perjury while testifying at the hearing and slandered Plaintiff's name. (Id.)

Plaintiff had hearings before Defendant Judge Jefferson on March 28, 2011 and April 1, 2011. (Id.) Again, Plaintiff was not allowed to speak or present evidence. (Id.) Agent Weeks allegedly committed perjury at both hearings before Judge Jefferson and continuances were granted at Agent Weeks' request. (Id.) Plaintiff's latest probation violation hearing, before Defendant Judge Roger Young, was held on June 27, 2011, and resulted in yet another continuance. (Id.) As in the previous hearings, Plaintiff was unable to present witnesses or testimony. (Id. at 4.) Plaintiff additionally claims that his Public Defender, Cantrell Frayer, refused to make objections at the hearing and has provided ineffective assistance of counsel. (Id.)

Plaintiff seeks release from detention[1] and dismissal of the probation violation warrant. (Id. at 5.) The Complaint also requests that Defendant Frayer be relieved as Plaintiff's counsel and that "effective assistance of counsel" be provided in the state criminal action. (Id.) Plaintiff further requests monetary damages. (Id.)

---

[1] Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).



**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than

---

[2]Screening pursuant to § 1915A is subject to this standard as well.



those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

As an initial matter, Plaintiff has previously brought an action pursuant to 42 U.S.C. § 1983 in this court asserting similar allegations against several of the same defendants.[3] See Curry v. Hughston, C/A No. 2:11-00487-HFF-PJG (DSC) (dismissed without prejudice on April 19, 2011). As in the instant action, Plaintiff's prior case alleged claims of: (1) legal malpractice against Defendant Public Defender Cantrell Frayer; (2) judicial misconduct against Defendant Judge Hughston; and (3) perjury against Defendant Probation Agent Weeks. Because the instant action is largely a duplicate filing, it should be summarily dismissed as frivolous and a strike should be entered pursuant to 28 U.S.C. § 1915(g). See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."); see also 28 U.S.C. §§ 1915A, 1915(g); McLean v. United States, 566 F.3d 391, 397-400 (4th Cir. 2009).[4]

Moreover, all of the defendants named in this case are immune from suit under § 1983; as such, Plaintiff's Complaint is subject to summary dismissal in any event. First, Judges Young, Hughston, and Jefferson are immune from suit for their judicial actions in

---

[3] A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992); Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).

[4] The defendant judges are also protected from claims for injunctive relief. Section 309(c) of the Federal Courts Improvement Act of 1996 ("FCIA"), Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As Plaintiff does not allege that either of these prerequisites for injunctive relief were met, any claims for injunctive relief against the state court judges in this case are subject to dismissal.



Plaintiff's probation violation hearings. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"); accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

Next, Public Defender Cantrell Frayer, Plaintiff's appointed criminal defense attorney, is also entitled to summary dismissal because this defendant has not acted under color of state law. To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney).

Further, Probation Agent Weeks is likewise protected from suit for testimony given at the probation violation hearing. In this judicial circuit, it is well settled that a witness in



a state court proceeding cannot be sued under 42 U.S.C. § 1983 because a witness does not act under color of state law, which is a jurisdictional requirement for a § 1983 suit. Burke v. Miller, 580 F.2d 108, 109-10 & n.3 (4th Cir. 1978).  Moreover, even if Agent Weeks is deemed to have acted under color of state law in an official capacity as a probation agent, this defendant has absolute immunity in an action for damages brought under 42 U.S.C. § 1983.  See Briscoe v. LaHue, 460 U.S. 325, 327-46 (1983); Stokes v. Moorman, C/A No. 9:10-1168-CMC-BM, 2010 WL 2347024 (D.S.C. May 14, 2010) (citing Lowman v. Town of Concord, No. 93-CV-0636E(F), 1995 WL 108224 (W.D.N.Y. March 7, 1995)) (collecting cases).

Finally, Plaintiff names the Charleston County Probation and Parole Department. However, the Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state.  Edelman v. Jordan, 415 U.S. 651, 663 (1974).  Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in Hans v. Louisiana, 134 U.S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court.  The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies.  See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996) ("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"); Alabama v. Pugh, 438 U. S. 781 (1978).  State agencies and state instrumentalities, such as the Department of Probation, Pardon, and Parole Services ("DPPPS"), share this immunity when they are the alter egos of the state.  See Regents

of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997). Thus, Plaintiff's claim against the local office of the DPPPS is subject to summary dismissal.[5]

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed with prejudice as frivolous and without issuance and service of process. See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Because this action is largely duplicative to Plaintiff's prior action that was also summarily dismissed, it should be counted as a strike under 28 U.S.C. § 1915(g). See also McLean, 566 F.3d at 397-400.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 23, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[5] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 & n.9 (1984). However, the State of South Carolina has not consented to such actions. See S.C. Code Ann. § 15-78-20(e).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).